FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 15 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SOMTOO UDOKWU,

    Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

    Defendant.

CIVIL ACTION FILE NO.

# 1:25-CV- 2724

## JURY TRIAL DEMANDED

## PRO SE COMPLAINT

COMES NOW Pro Se Plaintiff, Mr. Somtoo Udokwu, and hereby files this Complaint against Defendant, Amazon.com Services, LLC (hereinafter "Defendant"), showing the court as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-III of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Atlanta Division of the Northern District of Georgia.

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

## II.    PARTIES

4. Plaintiff is a citizen of the United States and resides in the state of Georgia.

5. Defendant is a foreign limited liability company with its principal office located at 410 Terry Avenue North, Seattle, Washington 98109-5210.

6. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

7. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III.    FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant on or about August 8, 2022.

9. Plaintiff was employed in the position of Transportation Analyst.

10. Plaintiff is Nigerian and identifies as Black.

11. Plaintiff was the only Nigerian and only non-American citizen on his team.

12. Throughout his employment, Plaintiff was paid less than other

Transportation Analysts on his team.

13. The other Analysts who were paid more were not of Nigerian origin.

14. Plaintiff was initially permitted to work remotely from Atlanta, Georgia.

15. In or around August 2023, Mr. Ahmad Murtada, Plaintiff's direct manager, instructed Plaintiff that he should take steps to prepare to relocate to Arizona.

16. Plaintiff expressed that his prior managers advised he could remain in Atlanta due to health- and family-related obligations in Georgia.

17. Mr. Murtada responded, "I don't understand why people like you prioritize family over work" and "Could that be a cultural thing?"

18. Plaintiff requested to remain in Georgia to care for his son and maintain access to medical treatment and to be treated equally.

19. Plaintiff was informed that his relocation bonus had been approved and given thirty days to consider.

20. Contemporaneously, Mr. Murtada placed Plaintiff on "Focus," the first step of Defendant's performance improvement processes.

21. Plaintiff identified that a similarly situated employee, Ms. Tassie Saunders, had been allowed to remain in San Diego, California, after

being asked to relocate to Arizona.

22. Ms. Tassie Saunders held the same position as Plaintiff and reported to Mr. Murtada.

23. On September 25, 2023, Plaintiff had a meeting with Mr. Murtada in which Mr. Murtada made inquiries about relocation.

24. At no time during that meeting did Mr. Murtada advise Plaintiff of ongoing performance concerns.

25. Mr. Murtada also discouraged Plaintiff from making reports to Human Resources, stating that it would "not end well."

26. On or about September 27, 2023, Plaintiff submitted a complaint to Defendant's Human Resources department.

27. Plaintiff's complaint expressed concerns about being treated unfairly with respect to the relocation requirement.

28. Within hours of Plaintiff's submission, Mr. Murtada scheduled an "emergency meeting" for 8 AM the following day (September 28, 2023).

29. In that meeting on September 28, 2023, Mr. Murtada placed Plaintiff on a Performance Improvement Plan ("PIP").

30. On or about October 6, 2023, Plaintiff submitted a second complaint to

Human Resources.

31. In the October 6 complaint, Plaintiff stated that he believed he was being discriminated against based on his national origin.

32. The PIP imposed strict task deadlines and expectations that Plaintiff found unreasonable.

33. The deadlines in the PIP included 45-minute response times and task completions that often required coordination with others.

34. Plaintiff informed Mr. Murtada and Human Resources that the PIP expectations were unreasonable and inconsistent with how other team members were treated.

35. Plaintiff previously received no formal disciplinary actions and was not informed of performance concerns prior to his relocation request.

36. Despite completing the tasks listed in the PIP, Plaintiff was notified that he had failed to meet expectations.

37. On or about December 8, 2023, Plaintiff was terminated from his employment with Defendant.

38. On or about April 11, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2024-07124.

39. Plaintiff received his EEOC Dismissal and Notice of Rights, dated February 18, 2025. *Exhibit 1.*

## IV.    CLAIMS FOR RELIEF

### COUNT I: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

40. Plaintiff reasserts and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

41. Plaintiff is a member of a protected class by virtue of his national origin (Nigerian).

42. Defendant was aware of Plaintiff's national origin.

43. Plaintiff was qualified for the position at issue.

44. Plaintiff suffered the adverse action of termination.

45. The treatment of similarly-situated non-Nigerian employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus.

46. The circumstances surrounding the adverse actions taken against Plaintiff create a mosaic of discrimination.

47. Defendant had no legitimate reason for Plaintiff's termination.

### COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

48. Plaintiff reasserts and incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

49. Plaintiff is a member of a protected class by virtue of his race (Black).

50. Defendant was aware of Plaintiff's race.

51. Plaintiff was qualified for the position at issue.

52. Plaintiff suffered the adverse action of reduced working hours.

53. The treatment of similarly-situated non-Black employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus.

54. The circumstances surrounding the adverse actions taken against Plaintiff create a mosaic of discrimination.

55. Defendant had no legitimate reason for Plaintiff's termination.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

56. Plaintiff engaged in a statutorily protected activity when he reported his good faith belief of race and national origin-based discrimination in the workplace.

57. The relevant decisionmakers for Defendant were aware of Plaintiff's protected activities.

58. Plaintiff was placed on a Performance Improvement Plan one day after making his second protected disclosure.

59. Plaintiff suffered the adverse action of termination.

60. The temporal proximity creates evidence of retaliatory animus.

61. Defendant had no legitimate reason for Plaintiff's termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this __15th__ day of __May__, 2025.

Somtoo Udokwu
*Pro Se*
369 McDaniel Street SW
Atlanta, GA 30313
(404) 697-9810
somtooudokwu@gmail.com

EXHIBIT A

# DECLARATION OF SOMTOO UDOKWU

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Pursuant to 28 U.S.C. § 1746, I, Somtoo Udokwu, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am over the age of 18 and competent to make this declaration. I am the Plaintiff in the above-captioned action.

2. I am a Nigerian national and a Black man. I was employed by Amazon.com Services, LLC ("Amazon") as a Transportation Analyst beginning on or about August 8, 2022.

3. I was the only Nigerian and non-American citizen on my team. Throughout my employment, I was paid less than other Transportation Analysts who were not of Nigerian origin.

4. I was initially permitted to work remotely from Atlanta, Georgia. In or around August 2023, my manager, Ahmad Murtada, informed me I would need to relocate to Arizona.

5. I told Mr. Murtada that I needed to remain in Georgia to care for my son and maintain access to his ongoing medical treatment. I also explained that previous managers were aware of these obligations and allowed me to remain in Georgia.

6. Mr. Murtada responded by saying, "I don't understand why people like you prioritize family over work," and "Could that be a cultural thing?" This made me feel targeted based on my national origin and culture.

7. I requested to be treated equally and granted the same flexibility as others. I specifically stated to Mr. Murtada that I wanted to be granted the same relocation exemption that was given to Ms. Tassie Saunders, a similarly situated employee who remained in San Diego after being asked to relocate. She held the same title as I did and reported to Mr. Murtada.

8. Around the same time, Mr. Murtada placed me on a "Focus" plan, the first step in Amazon's performance management process. At that same time, he approved my relocation bonus and gave me 30 days to consider relocating to Arizona—the same 30-day period he assigned for the Focus plan. On September 25, 2023, after a meeting about relocation where no performance issues were mentioned, my manager told me not to escalate the matter to Human Resources, stating that it would not end well and that the decision would likely be the same. I was later placed on a Performance Improvement Plan (PIP) the morning after I filed a complaint with Human Resources on or about September 27, 2023.

EXHIBIT A

9. Prior to my request to remain in Georgia, I had received no formal write-ups or performance warnings. The PIP imposed unrealistic deadlines, including 45-minute response expectations and tasks that required dependencies on others.

10. I submitted a second HR complaint on or about October 6, 2023, in which I stated I believed I was being discriminated against based on my national origin.

11. Despite completing the tasks listed in the PIP, I was told I failed to meet expectations. On or about December 8, 2023, I was terminated.

12. I believe that my termination was discriminatory and retaliatory. The timing of the complaints I made to HR and my subsequent placement on PIP and termination support this belief.

13. I have attached this declaration in support of my pro se complaint filed in this matter.


I declare under penalty of perjury that the foregoing is true and correct.


Executed this _13_day of _MAY_, 2025.

_____

Somtoo Udokwu

369 McDaniel Street SW, APT 2909

Atlanta, GA 30313

(404) 697-9810

somtooudokwu@gmail.com